Rurrin, J.
 

 The plaintiff’s exception is allowed. Cotton seed is no more a part of
 
 “
 
 plantation stock,” than corn or ■wheat for seed, or, indeed, for provisions for the year, and it therefore belongs to the general residue.
 

 The executors do not appear to have claimed commissions before the master, and therefore he very properly did not allow them, and the defendants exception is overruled. But it would be futile to claim them, since that would only reduce the residue, and that reduction the sons would have to make good out of their land and negroes, according to their argument upon the main question which is now to be considered.
 

 ITpon the finding of the master that the proceeds of the residue of the slaves, after the payment of debts, is only $1,379 54, it is
 
 *206
 
 contended, on the part of the plaintiffs, that the sons must pay them in money as much as will, with $1,379 54, be equal to the estimated value of the seventy-five slaves, that is, $37,425. The argument is based on the force of the terms used in the. sentence of the will, respecting the case that has happened :
 
 “
 
 If the said residue be less than the estimated value of said slaves, then I direct that my sons shall make up the deficiency to my daughters, by paying to them such sum as will make the said residue equal to the said estimated value,” and it takes those terms, as standing by themselves, in their literal sense, and creating, strictly, a contingency on which the value of the whole of the negroes must go to the daughters. But the testator had no such meaning in that clause. On the contrary, it was merely to provide, in part, a mode by which the daughters and sons should divido equally the two funds, consisting of the residue and the slaves, by leaving the property in the slaves with the sons, and charging it with money, in favor of the daughters, for equality. He expressly says that was the
 
 “
 
 object ” of the several particular directions for the sons’ paying more or less, and the declaration of that purpose is added as explanatory of those directions. They are, that if the residue shoidd not be more nor less than the value of the slaves — • that is, just equal to it — the daughters were to have the whole of it; if it should exceed the value of the slaves, the daughters are to take as much of it as the slaves are valued at, and the excess equally divided between the six. That produces an exact equality in the two cases according to the declared intention. Then comes the case of the residue happening to be less than the value of the slaves, and in that case the daughters are to have it, and the sons are “ to make up the deficiency” to the daughters,in money. What deficiency? Plainly, that by which the daughters got less than the sons ; so as by that payment to produce equality again. It is said, however, that there are express directions how the deficiency is to be made up, namely, “ by paying them such sum as will make the residue equal to the value of the slaves,” and that such directions cannot be controlled by the use of any gen
 
 *207
 
 eral term in other parts of the will. But a will is to be taken all together, and each part may be more or less affected by the context; and, certainly, different clauses are to be reconciled, if possible, and if that cannot be done, then the general intention of the testator, if declared in the will, must so far control a particular clause as to prevent an absurdity, and an incongruity with other provisions which might arise from its own terms — the particular intent yielding to the general intent where they are incompatible. Here it is impossible to doubt the purpose of the testotor; and the construction contended for by the plaintiffs is incongruous with the alternative provisions for equality in the other two cases of an equality or excess of the residue with or above the value of the slaves, and directly inconsistent with the general declared purpose, “ to make the shares of all my children in the negroes or their proceeds of equal value.” Therefore, that general provision, may be transposed so as to annex it to each of the directions for the dispositions of the residue — which is always admissible to effectuate the intent; and the clause under consideration will then read, “by paying to my daughters such sum as will make their
 
 shcures
 
 of the slaves and their proceeds, and the
 
 shares
 
 of my sons, equal in value.” That is the only sensible meaning to be given to the will, as a whole, and makes it consistent with itself; and that was evidently the intention of the testator, and just between the children.
 

 Per Curiam, Let the rights of the parties be declared accordingly